UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIMON MUJO and<br>INDRIT MUHARREMI, on behalf of<br>themselves and all others<br>similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>JANI-KING INTERNATIONAL, INC.,<br>JANI-KING INC., and<br>JANI-KING OF HARTFORD, INC.,<br><br>               Defendants | CIVIL ACTION NO.:<br><br><br><br><br><br><br><br>December 5, 2016 |

**CLASS ACTION COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by and on behalf of individuals who have performed or continue to perform cleaning services for Defendants Jani-King International, Inc., Jani-King, Inc., and Jani-King of Hartford, Inc. (collectively "Jani-King"), challenging their unlawful misclassification as independent contractors instead of employees. In order for an individual to be properly classified as an independent contractor in Connecticut, all three prongs of the ABC test must be satisfied. <u>Tianti ex rel. Gluck v. William Raveis Real Estate</u>, 231 Conn. 690, 697, 651 A.2d 1286, 1290 (Conn. 1995). Under that test, services performed by an individual constitute "employment" unless:

   (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for performance of service and in fact; (II) such service is performed either outside the usual course of business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (III) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

1

Id. The test is conjunctive, and Defendants, who must satisfy all three prongs of the ABC test, fail to meet any of the requirements. Accordingly, Plaintiffs are Defendants' employees and are protected by Connecticut's wage payment laws. Jani-King has taken and continues to take unlawful deductions from the compensation paid to Plaintiffs in violation of section 31-71e of the Connecticut Minimum Wage Act. Defendants have also been unjustly enriched in requiring Plaintiffs to pay Jani-King for work in violation of Conn. Gen. Stat. section 31-73. Plaintiffs bring this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for damages stemming from Defendants' violations of the Connecticut Minimum Wage Act and Connecticut common law.

## II. THE PARTIES

2. Mujo is an adult resident of Rocky Hill, Connecticut. Plaintiff Mujo entered into an agreement with Jani-King on July 11, 2007, and performed cleaning services for Defendants until early 2016.

3. Muharremi is an adult resident of Newington, Connecticut. Plaintiff Muharremi entered into an agreement with Jani-King on April 23, 2014, and continues to perform cleaning services for Defendants pursuant to that agreement.

4. Defendant Jani-King International, Inc. is a Texas corporation, with its principal place of business in Addison, Texas. Jani-King International, Inc., owns Jani-King, Inc., which in turn owns Jani-King of Hartford, Inc.

5. Defendant Jani-King, Inc., a Texas corporation with its principal place of business in Addison, Texas, owns Jani-King of Hartford, Inc., and is an affiliate of Jani-King International, Inc.

6. Defendant Jani-King of Hartford, Inc., a Texas corporation with its principal place of business in Addison, Texas, is an affiliate of Jani-King International, Inc., and Jani-King, Inc.

## III. JURISDICTION AND VENUE

7. This court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").

8. There are at least 100 members in the proposed class.

9. This is a class action under Rule 23 of the Federal Rules of Civil Procedure.

10. The parties are diverse, and the aggregate amount in controversy exceeds $5,000,000, inclusive of damages, statutory penalty damages, and attorneys' fees, pursuant to the Connecticut Minimum Wage Act.

11. At least one member of the proposed class is a citizen of a state different from that of at least one defendant.

12. Plaintiffs' claims involve matters of national or interstate interest.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

14. This court has personal jurisdiction over Defendants pursuant to Connecticut's long-arm statute because Defendants transact business in the state of Connecticut, Defendants enter into contracts with the class members, including Plaintiffs, and Defendants' conduct in violating the Connecticut Minimum Wage Act and Connecticut's common law is tortious, as that term is defined under the long arm statute.

## IV. STATEMENT OF FACTS

15. Jani-King is in the business of providing commercial cleaning services to customers, which include restaurants, office buildings, retail establishments, hotels, government buildings, health care facilities, stadiums, and schools and universities. In order to carry out this central function, Jani-King purports to contract with individuals such as Mujo and Muharremi, to provide cleaning services to the customers with whom Jani-King contracts.

16. Plaintiffs and other individuals have performed cleaning services for Jani-King. In order to receive such work, Jani-King required Plaintiffs to sign an agreement which stated that Plaintiffs were independent contractors. Jani-King required all members of the putative class to sign substantially similar agreements before working for Jani-King.

17. Pursuant to these agreements, Plaintiffs and the putative class members paid an initial franchise fee down payment. The down payment is non-refundable and is a condition of Jani-King providing them the opportunity to perform cleaning services under Defendants' cleaning contracts between Defendants and their customers. Plaintiffs and some putative class members submitted their down payment to Jani-King in a lump sum at the time of entering into the contract. Other putative class members paid a portion of the down payment at the time of entering into the contract and paid the remaining balance of said down payment in the form of monthly deductions from the compensation paid to them by Defendants.

18. On April 23, 2014, Plaintiff Muharremi entered into an agreement with Jani-King, which agreement required the payment of $16,250 as a condition of working for Jani-King.

19. On July 11, 2007, Plaintiff Mujo entered into an agreement with Jani-King, which agreement required the payment of $15,000 as a condition of working for Jani-King.

20. Plaintiffs and the putative class members are not free from control and direction in connection with the performance of services, both under their contracts and in fact, as is required by the A prong of Connecticut's ABC test for determining employee status. Jani-King's methods, procedures and policies with which it required Plaintiffs and the putative class members to comply are numerous and detailed and control the manner in which Plaintiffs and the putative class members must perform their tasks. Such control includes, but is not limited to the following:

    a. Jani-King has required Plaintiffs and the putative class members to complete a training program to learn the Jani-King's cleaning methods, procedures and policies. Following the training program and prior to assigning any work, Jani-King required Plaintiffs and the putative class members to complete and receive a passing score on a quiz testing their knowledge of such methods, procedures and policies.

    b. Jani-King has required Plaintiffs and the putative class members to comply with the Jani-King Manual, which among other things, sets forth Jani-King's operating systems, procedures, policies, methods, standards, specifications and requirements.

    c. For example, when Plaintiffs and putative class members clean offices, Jani-King has required that they perform the following tasks in the following order: empty the trash, perform high dusting, perform low dusting, vacuum.

    d. Also, Jani-King has provided Plaintiffs and putative class members such details in performing their jobs as where to dust horizontal surfaces as opposed to vertical surfaces, how often they were to wipe the window squeegee when cleaning windows,

5

and how to spray disinfectant onto the cloth instead of directly onto the surface to be cleaned.

e. Jani-King has required Plaintiffs and the putative class members to use cleaning products and equipment meeting Jani-King's specifications and required them to obtain such products and equipment before assigning them work.

f. For example, Jani-King has required Plaintiffs and the putative class members to use a back-pack vacuum and to use dusters and cloth made out of certain material.

g. Jani-King has required Plaintiffs and the putative class members to wear a Jani-King uniform and name tag.

h. Jani-King has required Plaintiffs and the putative class members to obtain a personal digital assistant ("PDA") or smart phone capable of sending and receiving emails for communication with Defendants and Defendants' customers.

i. Jani-King has dictated how often Plaintiffs and putative class members were to make contact with customers and how often they were required to meet with customers to discuss their satisfaction with the cleaning services.

j. Jani-King has required that Plaintiffs and the putative class members use the Jani-King Memo Pad to maintain daily written communication with customers.

k. Jani-King has required Plaintiffs and the putative class members to submit to the Jani-King regional office Jani-King Past Performance Forms and Contact Sheet Forms, which are forms completed by Jani-King customers evaluating the quality of the serviced performed by Plaintiffs and the putative class members.

l. Jani-King has prohibited Plaintiffs and the putative class members from engaging in or having any financial interest in any business performing or related to cleaning

6

    services in any territory covered by the franchise agreement and any territory in which a Jani-King franchise operates, both during the term of the franchise agreement and for two years thereafter.

  m. Jani-King has required Plaintiffs and the putative class members to perform services in accordance with the cleaning schedule or instructions associated with the contract between Jani-King and its customers.

  n. Jani-King has required Plaintiffs and the putative class members to perform services to the standards of Jani-King. Jani-King performs quality control inspections to insure compliance with the foregoing standards.

  o. Jani-King could require Plaintiffs and the putative class members to repeat the Jani-King training if it determined that the work performed was not in compliance with Jani-King standards.

21. The services provided by Plaintiffs and the putative class members are not performed outside the usual course of Jani-King's business or outside of all of the places of business of Defendants, as required by prong B of Connecticut's ABC test.

22. At all times relevant to this complaint, Plaintiffs and the putative class members were not customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the services they performed, as is required by prong C of Connecticut's ABC test. Plaintiffs and the putative class members are entirely dependent upon Jani-King for their work assignments, and they do not have their own clients or customers. Indeed, Plaintiffs' contracts with Defendants' contain non-compete clauses prohibiting them from engaging in any work related to the provision of

cleaning services, both during the term of the franchise agreement and for a period of two years thereafter.

23. Jani-King deducts various expenses each month from the compensation that it pays Plaintiffs and the putative class members. Plaintiffs and the putative class members have not provided Jani-King with written authorization for deductions on a form approved by the Commissioner of the Department of Labor, and such deductions by Jani-King violate section 31-71e of the Connecticut Minimum Wage Act. Included among such unlawful and unauthorized deductions are the following:

   a. royalty fees
   b. advertising fees
   c. finder's fees
   d. accounting fees
   e. technology fees
   f. complaint fees
   g. service fees
   h. non-reported business fees
   i. business protection plan fees
   j. business protection administrative fees
   k. client sales tax
   l. supplies fees
   m. lease deductions
   n. pagers deductions,
   o. special miscellaneous fees,

p. monthly deductions for any portion of the required down payment not already paid to Jani-King

q. charge backs (outstanding payments due to Jani-King for cleaning services provided to Jani-King customers by Plaintiffs).

24. For example, for the month of September 2015, the cleaning services that Plaintiff Muharemmi provided to Jani-Kings customers resulted in a monthly total revenue of $4,508.72. From that amount, Defendants deducted from Plaintiff Muharremi's compensation the following amounts: Royalty fee in the amount of $425.74, Accounting Fee in the amount of $127.72, Technology Fee in the amount of $106.44, Finders Fees in the amount of $164.42, Franchisee Supplies costs in the amount of $49.98, Advertising Fee in the amount of $63.86, Total Lease cost in the amount of $27.21, Business Protection Plan deduction in the amount of $276.73, BPP Admin Fee in the amount of $7.00, Client Sales Tax in the amount of $251.30, and Charge backs in the amount of $1,261.50. In total, Defendants deducted $2,761.90 from Plaintiff Muharremi's compensation, leaving him with only $1,746.82 of the $4,508.72 collected.

25. For example, for the month of July 2015, the cleaning services that Plaintiff Mujo provided to Jani-King's customers resulted in a total monthly revenue of $1,403.83. From that amount, Defendants deducted the following: Royalty fee in the amount of $132.00, Accounting Fee in the amount of $66.00, Finders Fees in the amount of $714.00, Advertising Fee in the amount of $13.20, Business Protection Plan deduction in the amount of $77.35, Business Protection Administration Fee in the amount of $7.00, and Client Sales Tax in the amount of $83.83. In total, Defendants deducted $1,093.38

9

from Plaintiff Mujo's compensation, leaving him with only $310.45 of the $1,403.83 collected.

26. Defendants compensate Plaintiffs and the putative class members for their work on a monthly basis, in violation of Conn. Gen. Stat. Sec. 31-71b, which requires employers to pay wages weekly.

## V. CLASS ALLEGATIONS

27. Plaintiffs bring this action individually and on behalf of a class of individuals similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28. The class of individuals similarly situated is defined as follows:

    All individuals in Connecticut who, pursuant to a contract with Jani-King, have performed cleaning services for Jani-King at any time during the two years immediately preceding this lawsuit and continuing until final judgment of the case.

29. Plaintiffs reserve the right to amend the class definition consistent with information obtained through discovery.

30. The class satisfies the requirements of Rule 23(a) and Rule 23(b)(3), and accordingly, class certification is appropriate.

31. The class is so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 50 individuals in Connecticut during the period of the claim who meet the class definition.

32. There are questions of law and fact common to the class, including:

    a. Whether Plaintiffs and the putative class members are free from control and direction in connection with performance of their services;

    b. Whether their services are performed either outside the usual course of Jani-King's business or outside of all the places of business of Jani-King;

   c. Whether Plaintiffs and the putative class members are engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the services performed for Defendants;

   d. Whether Defendants take deductions from the compensation paid to Plaintiffs and putative class members without obtaining their written authorization on a form approved by the commissioner of the Department of Labor in violation of the section 31-71e of the Connecticut Minimum Wage Act;

   e. Whether Defendants' practice in requiring a down payment from Plaintiffs and the putative class members as a condition of receiving work violates section 31-73 of the Connecticut Minimum Wage Act, and whether Defendants were thereby unjustly enriched.

33. Plaintiffs' claims are typical of those of the class members in that their legal claims are identical and arise from the same course of conduct and practices of Defendants.

34. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' claims are not antagonistic to those of the putative class, and they have retained counsel skilled in the prosecution of class actions involving similar claims.

35. Common questions of law and fact predominate over questions affecting only individual members. The claims of the class will be proven by a common body of evidence, including the written agreements, training and procedures manuals, monthly franchisee reports and representative testimony. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class under Fed. R. Civ. P. 23 presents few management difficulties, conserves the resources of

the parties and the court system, protects the rights of each class member and maximizes recovery to them.

## COUNT I

### VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

36. Although Plaintiffs and the putative class members have been designated as independent contractors by Defendants, in fact, they are in fact employees for the reasons stated above and accordingly, are protected by Connecticut's wage payments laws, C.G.S. Section 31-58 *et seq*.

37. Defendants' practice of making various unlawful and unauthorized deductions, as set forth above, from Plaintiffs' and the putative class member's compensation violates Conn. Gen. Stat. § 31-71e, which prohibits employers from withholding or diverting any portion of an employee's wages unless the employer obtains written authorization from the employee for the deductions on a form approved by the commissioner of the Department of Labor.

38. As a direct and proximate result of Defendants' illegal conduct as set forth above, Plaintiffs have suffered and continue to suffer damages, including but not limited to lost wages.

39. This claim is brought pursuant to Conn. Gen. Stat. § 31-72, which entitles Plaintiffs to recover twice the full amount of such wages, with costs and reasonable attorneys' fees.

## COUNT II

### UNJUST ENRICHMENT

40. As set forth above, Plaintiffs were employees of Jani-King under Connecticut law. By requiring Plaintiffs and the putative class members to pay a nonrefundable down payment

as a condition of receiving work from Jani-King, Defendants have violated Conn. Gen. Stat. §31-73, which provides that:

> No employer . . . shall directly, or indirectly, demand, request, receive or exact any refund of wages, fee, sum of money or contribution from any person or deduct any part of the wages agreed to be paid, upon the representation or understanding that such refund of wages, fee, sum of money, contribution or deduction is necessary to secure employment or continue in employment. No such person shall require, request or demand that any person agree to any payment of any refund of wages, fee, contribution or deduction from wages in order to obtain employment or continue in employment.

41. Defendants have received and retained a fee, sum of money and/or contribution from Plaintiffs and the putative class members as a condition of work. In this way, Defendants have been unjustly enriched because they benefit at the expense of Plaintiffs and the putative class members and, to the detriment of Plaintiffs and the putative class members, failed to pay them for the benefit. It would be unjust to allow Defendants to retain the benefits which they inured at the expense of Plaintiffs and the putative class.

42. Defendant's conduct was wanton and malicious in that Jani-King knew that Plaintiffs and the putative class members were employees rather than independent contractors and nonetheless, knowingly required them to pay money as a condition of employment. By demanding that Plaintiffs and the putative class members pay a nonrefundable down payment before assigning them work, Defendants acted with a reckless indifference to and/or intentional disregard of the rights of Plaintiffs and the putative class members.

43. As a direct and proximate result of Defendants' illegal conduct as set forth above, Plaintiffs have suffered and continue to suffer damages, including but not limited to an amount equal to that of the down payments made to Jani-King under their agreements.

WHEREFORE, Plaintiffs pray that this Court grant them appropriate relief, including:

a. Withheld wages under the Connecticut Minimum Wage Act;

b. Penalty damages pursuant to C.G.S. Sec. 31-72, as amended by Public Act 15-86;

c. Attorneys' fees as may be appropriate under Conn. Gen. Stat. § 31-72, as amended by Public Act 15-86;

d. Common law punitive damages as to Plaintiffs' claim set forth in Count II;

e. Interest and costs;

f. Injunctive relief in the form of an order requiring Jani-King to discontinue its practice of requiring a down payment as a condition to receiving work and prohibiting Jani-King from deducting their business expenses from the compensation paid to Plaintiffs and the putative class members;

g. Any and all other relief that the court deems just and equitable.

Respectfully Submitted,
SIMON MUJO and INDRIT MUHARREMI,
individually and on behalf of all others similarly situated,
By their attorneys,

_____
Richard E. Hayber
Fed. Bar No. ct11629
The Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com

Shannon Liss-Riordan, *pro hac vice anticipated*
Jill Kahn, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Fax: (617) 994-5801
sliss@llrlaw.com, jkahn@llrlaw.com

Attorneys for the Plaintiffs