## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIMON MUJO and INDRIT MUHARREMI, *on behalf of themselves and all others similarly situated,* : : : : Plaintiffs, : : v. : : JANI-KING INTERNATIONAL, INC., JANI-KING INC., and JANI-KING OF HARTFORD, INC., : : : : Defendant. : | CIVIL ACTION NO.: 3:16-CV-01990 (VAB) FEBRUARY 21, 2017 |

### RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26(f) of the United States District Court for the District of Connecticut, named plaintiffs Simon Mujo and Indrit Muharremi ("plaintiffs"), individually and on behalf of a putative class, and Jani-King International, Inc., Jani-King, Inc., and Jani-King of Hartford, Inc. ("defendants") hereby submit their Joint Report of Parties' Planning Meeting.

| | |
|---|---|
| Date Complaint Filed: | December 5, 2016 |
| Date Complaint Served: | December 15, 2016 as to Jani King, Inc. and Jani King International, Inc., and December 16, 2016 as to Jani King of Hartford |
| Date of Defendant's Appearance: | January 10, 2017 |

**I.     Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction**

    **A.     Subject matter Jurisdiction**

This court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332(d)(2)(A), the Class Action Fairness Act.

    **B.     Personal Jurisdiction**

Personal jurisdiction as to the defendants is not contested.

**III.   Brief Description of Case**

    **A.     Claims of Plaintiff**

1. Plaintiffs claim that Defendants misclassified them as independent contractors and that instead they were really employees.  As a result of this misclassification, Plaintiffs allege that they sustained damages including having funds deducted from their pay in violation of Connecticut's Minimum Wage Act, C.G.S. Section 31-71e.  They also claim that Defendants required them to pay for their jobs in violation of C.G.S. Section 31-73 which provides that:

> No employer . . . shall directly, or indirectly, demand, request, receive or exact any refund of wages, fee, sum of money or contribution from any person or deduct any part of the wages agreed to be paid, upon the representation or understanding that such refund of wages, fee, sum of money, contribution or deduction is necessary to secure employment or continue in employment.  No such person shall require, request or demand that any person agree to any

> payment of any refund of wages, fee, contribution or deduction from wages in order to obtain employment or continue in employment.

Plaintiff's claim that Defendants owe those payments back to them under the law of unjust enrichment.

**B.     Defenses**

Plaintiffs are Jani-King of Hartford franchisees who operate their own cleaning businesses pursuant to the terms of franchise agreements with Jani-King of Hartford. Plaintiffs have no contractual relationship with Jani-King International, Inc. or Jani-King, Inc. These franchise agreements are specifically authorized under and governed by Connecticut law. C.G.S. § 42-133e *et seq*. Plaintiffs have a license to use the Jani-King trademarks and franchise system, but maintain control over their business operations.  For instance, Plaintiffs have the ability to choose the customers for whom they want to provide commercial cleaning services, to hire and fire their employees, and to sell their business. Defendants believe that class discovery will show that this case is not suitable for class treatment due to individualized issues arising from material differences among putative class members that will impact the outcome of their claims.

Because plaintiffs are independent contractors of Jani-King of Hartford, not employees, as an initial matter, Connecticut's Minimum Wage Act and other employment laws do not apply to them. And even if they did apply, the plaintiffs' claims fail for independent reasons.  In Count I, the plaintiffs allege that defendants made unauthorized "deductions" because they were not authorized in writing on a form approved by the commissioner of the Department of Labor.  Even if plaintiffs could fit their franchise relationship into the Minimum Wage Act (which they cannot), the Connecticut Supreme Court has expressly rejected their theory of liability. *Weems v. Citigroup, Inc.*, 962 A.2d 349 (Conn. 2008). And as to Count II, seeking refund of contractual payments under a theory of unjust enrichment, this Court and other courts have repeatedly

3

recognized that plaintiffs cannot pursue a claim of unjust enrichment where, as here, they allege the existence of an express contract. *See Edwards v. N. Am. Power & Gas*, 120 F. Supp. 3d 132, 148 (D. Conn. 2015).

The summary above does not include all defenses applicable to plaintiffs' claims, and Defendants reserve all rights to assert further defenses as they develop.

    **C.**    **Defenses and Claims of Third Party Defendants.**  Not applicable.

**IV.**    **Statement of Undisputed Facts**

1. Plaintiff Mujo is an adult resident of Rocky Hill, Connecticut.  Plaintiff Mujo entered into an agreement with Jani-King on July 11, 2007.

2. Muharremi is an adult resident of Newington, Connecticut.  Plaintiff Muharremi entered into an agreement with Jani-King on April 23, 2014.

3. Defendant Jani-King International, Inc. is a Texas corporation, with its principal place of business in Addison, Texas.

4. Defendant Jani-King, Inc., is a Texas corporation with its principal place of business in Addison, Texas and is a subsidiary of Jani-King International, Inc.

5. Defendant Jani-King of Hartford, Inc., is a Texas corporation with its principal place of business in Addison, Texas and is a subsidiary of Jani-King, Inc.

**V.**    **Case Management Plan:**

    **A.**    **Standing Order on Scheduling in Civil Cases**

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    **B.**    **Scheduling Conference with the Court**

The parties request an in person pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    **C.**    **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties have engaged in settlement negotiations and continue to do so at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with [the presiding judge] [a magistrate judge] [a parajudicial officer] [special masters]: Not applicable.

4. At this time, the parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16, but they may make such a request in the future.

**D.    Joinder of Parties and Amendment of Pleadings**

The parties should have until March 10, 2017 to join additional parties or amend the pleadings as of right, and that after that date the parties will be able to amend the pleadings and / or join parties in accordance with the applicable rules of procedure.

**E.    Class Certification**

This case is styled as a class action. Plaintiffs intend to file a motion for class certification by April 28, 2017. Plaintiffs reserve the right to extend this date in the event that defendants do not produce requested discovery sufficient to support such motion in time to meet this deadline.

Because this case is a putative class action, defendants propose that the Court bifurcate discovery as described in Part F below. Defendants propose that the first phase of discovery consist of limited (in scope and time) discovery focused on whether the named plaintiffs assert claims that can be certified as a class action, followed by briefing on class certification. Bifurcated discovery is appropriate because it is more efficient to focus discovery on only those issues relevant to class certification at the outset, including plaintiffs individual claims, and it is

unfair to subject a defendant to full class merits discovery, including damages discovery, when no class has been certified. Although plaintiffs raise a concern that bifurcated discovery may lead to disputes over the scope of discovery or voluminous pre-certification discovery, bifurcation is a common approach in class litigation and defendants are committed to working cooperatively with plaintiffs to avoid unnecessary scope-of-discovery disputes. In defendants' experience, the efficiency benefits of focused class discovery outweigh any potential disadvantages arising from a limited scope-of-discovery dispute, and serve the interests of Rule 23 to reach a decision on class certification at an early practicable time. *See, e.g.*, *Heerwagen v. Clear Channel Comm'ns*, 435 F.3d 219, 233-34 (2d Cir. 2006) (district court did not abuse discretion in allowing minimal class certification discovery). Defendants propose that class discovery last 180 days from the entry of the Court's initial scheduling order, with a class certification motion deadline 30 days after the close of class discovery.

      Plaintiffs oppose the Defendants' proposal to bifurcate discovery. In the experience of Plaintiffs' counsel, bifurcated discovery frequently creates disputes over what discovery is to be produced in each phase. Instead, Plaintiffs seek a single discovery period in which Plaintiffs will cooperate with Defendants to engage in the discovery process without requiring voluminous discovery at the pre-certification stage.

      **F.**    **Discovery**

          a.    The parties anticipate that discovery will be needed on the following subjects:

**<u>Plaintiffs' Discovery Proposal</u>**

Plaintiffs will need discovery concerning the allegations in the complaint, including but not limited to:

1. The terms of the contracts required by Defendants of the members of the class

2. The amount of deductions taken by Defendants from class members

3. The amount of payments made by class members to secure their jobs

4. Whether or not Defendants can prove good faith

5. Whether Defendant can prove Connecticut's ABC test of independent contractor status and what evidence there is on those elements

**Defendants' Discovery Proposal**

As noted, this case is a putative class action. Defendants propose that discovery be bifurcated into two phases: class issues and merits. The class discovery phase will necessarily focus on whether plaintiffs can meet the Rule 23 requirements to represent a class, including whether the proposed class satisfies Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy, as well as Rule 23(b)(3) superiority and predominance. Such discovery will likely include the merits of plaintiffs' individual claims and their class damages theory. Defendants anticipate the possibility of moving for summary judgment on plaintiffs' individual claims in conjunction with the close of class discovery and class certification briefing.

In a second phase of discovery on the merits, defendants anticipate, should a class be certified, needing discovery into the merits of the claims for the certified class, including written discovery served on, and depositions of, individual class members to discover individualized damages and potential variation in liability claims.

b. **Discovery Dates**:  The plaintiffs propose that discovery commence and a deadline to complete discovery be set as **June 30, 2017**.  Defendants propose that initial discovery be limited to class certification issues and that the class discovery period be set at **180 days** from the date the Court enters its initial scheduling order. Defendants further propose that the parties be required to

meet and confer to propose a merits discovery schedule within **14 days** of the Court's entry of an order on Plaintiffs motion for class certification.

  c. **Phased Discovery**: The parties were unable to reach agreement as to whether phased discovery is needed in this case. Their respective positions are described at Part E, Class Certification, above.

  d. **Depositions**:

The parties propose that depositions be completed during the same time period set for written discovery.

  e. **Interrogatories**: The parties do not anticipate that they will request permission to serve more than 25 interrogatories per party.

  f. **Experts**: Plaintiffs presently do not intend to call expert witnesses at trial. Defendants presently have not determined whether they intend to call expert witnesses at trial.

  g. **Damages Analysis**: A damages analysis will be provided by any party who has a claim or counterclaim for damages within thirty (30) days after receiving discovery responses containing the data needed to make said calculation.

  h. **ESI**: The parties anticipate that discovery of Electronically Stored Information ("ESI") will be needed. They have not yet been able to agree to a protocol but have agreed to further confer regarding ESI matters within the next 14 days and respectfully request leave to submit a Supplement to Joint Report of Parties' Planning Meeting to address ESI issues and protocols within 14 days thereafter.

  i. **Dispositive Motions**:

The parties were unable to reach agreement on dispositive motions. Plaintiffs request that the deadline for dispositive motions be **July 31, 2017.** Defendants request that the Court reserve

setting a deadline for dispositive motions until class certification is resolved. In the interests of efficiency, motions for summary judgment or partial summary judgment as to the named plaintiffs and any class members may be filed at any time before the deadlines set in this Order.

### G. Joint Trial Memorandum

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the entry of the ruling on the last dispositive motion filed in this case.  If dispositive motions are not filed, the Joint Trial Memorandum required by the Standing Motion on Trial Memoranda in Civil Cases will be filed within sixty (60) days after the completion of all discovery, including any discovery on class issues, in the event of certification.

## VI. Trial Readiness

The case will be ready for trial within sixty (60) days after the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

>THE PLAINTIFFS
>SIMON MUJO and INDRIT MUHARREMI
>on behalf of themselves and all others similarly situated,
>
>By:   /s/ *Richard E. Hayber*
>Richard E. Hayber (ct11629)
>The Hayber Law Firm, LLC.
>221 Main Street
>Hartford, CT  06106
>Telephone:  (860) 522-8888
>Facsimile:   (860) 218-9555
>Email:  rhayber@hayberlawfirm.com
>
>By:   /s/ *Shannon Liss-Riordan*
>Shannon Liss-Riordan
>Peter Delano
>Lichten & Liss-Riordan, P.C.

                                      729 Boylston St., Suite 2000
                                      Boston, MA  02116
                                      Telephone:  (617) 994-5800
                                      Facsimile:   (617) 994-5801
                                      Email:  sliss@llr.law.com
                                                   pdelano@llrlaw.com

```
                        THE DEFENDANTS,
                        JANI-KING INTERNATIONAL, INC., JANI-
                        KING, INC., and JANI-KING OF HARTFORD,
                        INC.

                  By:   /s/ Peter J. Murphy
                        Peter J. Murphy (ct26825_
                        Shipman & Goodwin, LLP.
                        One Constitution Plaza
                        Hartford, CT  06103-1919
                        Tel:  (860) 251-5950
                        Fax: (860) 251-5316
                        pjmurphy@goodwin.com
```

**CERTIFICATE OF SERVICE**

I hereby certify that on February \_\_\_\_ 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

/s/  *Richard E. Hayber*
Richard E. Hayber
Federal Bar No.: ct11629
The Hayber Law Firm, LLC.
221 Main Street, Suite 502
Hartford, CT  06106
Telephone:  860-522-8888
Facsimile:  860-218-9555
E-Mail: rhayber@hayberlawfirm.com