UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SIMON MUJO, *et. al.*
    *Plaintiffs*,

v().

JANI-KING INTERNATIONAL, INC., *et. al.*,
    *Defendants*.

No. 3:16-cv-1990 (VAB)

**RULING AND ORDER ON CLASS CERTIFICATION**

Simon Mujo and Indrit Muharremi ("Plaintiffs") allege that Jani-King International, Jani-King, and Jani-King of Hartford ("Defendants" or "Jani-King") unlawfully classified them as independent contractors under Conn. Gen. Sat § 31-58 *et seq*. Plaintiffs now move for class certification.

For the following reasons, the Court **GRANTS** Plaintiffs' motion for class certification.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Background**

Mr. Mujo and Mr. Muharremi both performed cleaning services in Connecticut. Second Am. Compl., at ¶ 2–3, ECF No. 41 ("Second Am. Compl."). Simon Mujo entered into an agreement with Jani-King on July 11, 2007 to perform cleaning services, which required a $15,000 non-refundable deposit. *Id.* at ¶ 2, 17, 19. The relationship ended in early 2016. *Id.* at ¶ 2. Indrit Muharremi is a Connecticut resident who entered into an agreement to perform cleaning services for Jani-King on April 23, 2014, which required a $16,250 deposit. *Id.* at ¶ 3, 17–18. He continues to perform those services. *Id.* at ¶ 3.

Jani-King provides commercial cleaning services to restaurants, buildings, retailers, hotels, government buildings, health care facilities, stadiums, schools, and universities. *Id.* at ¶ 15. Jani-King functions by allegedly entering independent contractor agreements to provide cleaning services to Jani-King customers. *Id.* Defendant, Jani-King, Inc. is a corporation incorporated and headquartered in Texas. *Id.* at ¶ 5. Jani-King, Inc. owns Jani-King Hartford, Inc., an affiliate operating in Connecticut. *Id.*

Mr. Mujo, Mr. Muharremi, and the alleged class all have performed cleaning services for Jani-King. *Id.* at ¶ 16. Plaintiffs allege that Jani-King requires all members of the putative class to sign similar agreements to perform cleaning services for Jani-King. *Id.* Under the terms of these agreements, Jani-King allegedly requires Plaintiffs to pay an initial, non-refundable down payment as a condition of Jani-King allowing them to perform cleaning services under Jani-King contracts and with Jani-King customers. Named Plaintiffs and some putative class members submitted their down payment to Jani-King as a lump sum at the time they entered into the contract. *Id.* A second subset of the putative class members allegedly paid a portion of the down payment at the time they entered into contract with Jani-King and paid or are paying the outstanding balance as monthly deductions drawn from compensation paid to them by Jani-King. *Id.*

Plaintiffs also allege that Jani-King controlled the methods and procedures of customer service. *Id.* at ¶ 20. Jani-King's list of requirements is lengthy, but includes requiring members of the putative class to:

- Complete a training program and pass an exam;
- Follow the Jani-King manual, which lists systems, procedures, policies, methods, and standards;
- Perform cleaning tasks in a specified order;
- Dust horizontal as opposed to vertical surfaces;
- Wipe windows on a schedule;

- Spray disinfectant onto cloth, rather than the surface;
- Use cleaning products meeting Jani-King specifications;
- Use a back-pack vacuum;
- Use dusters and cloth made from certain materials;
- Wear Jani-King uniform and name tag;
- Obtain a personal digital assistant or smart phone capable of sending and receiving emails;
- Limit customer contact and how often putative class members were required to meet with customers to discuss service satisfaction;
- Use the Jani-King memo pad for written communication with customers;
- Submit performance forms and contact sheets to regional office;
- Prohibit any financial interest in a business performing or related to cleaning services in any territory covered by the franchise agreement or where a Jani-King operates;
- Perform services according to a cleaning schedule;
- Submit to Jani-King quality control inspections; and
- Repeat Jani-King training if work is not in compliance with Jani-King standards. *Id.* at ¶ 20.

Plaintiffs allege that putative class members are entirely dependent upon Jani-King for their work assignments, and do not maintain their own customers. *Id.* at ¶ 22. Nor do putative class members engage in "an independently established trade, occupation, profession or business of the same nature as that involved in the services they performed." *Id.*

Plaintiffs further allege that Jani-King deducts monthly sums from their wages. Plaintiffs maintain that Jani-King deducts various monthly sums from their wages, such as royalty fees, advertising fees, finder's fees, accounting fees, technology fees, client sales tax, lease deductions, and various other business-related fees. *Id.* at ¶ 23.

**B.  Procedural History**

Plaintiffs filed this lawsuit on December 5, 2016, and, on February 9, 2017, filed an Amended Complaint alleging that: (1) Jani-King violated the Minimum Wage Act; and (2) Jani-King has been unjustly enriched. ECF Nos. 1, 41. Defendants answered the Amended Complaint with affirmative defenses. ECF No. 90.

On March 30, 2017, Defendants moved to dismiss both the wage and unjust enrichment

claims in the Amended Complaint under Rule 12(b)(6) for failure to state a claim. ECF No. 45. The Court granted in part and denied in part, dismissing the state-law wage claims. ECF No. 82. The Court, however, preserved the unjust enrichment claim insofar as the underlying franchise agreement was an employment agreement that conditioned initial or continued employment on payment of a down payment or other fees. *Id.*

On April 23, 2018, Plaintiffs moved to certify the class. ECF No. 87. Defendants filed a memorandum in opposition to the motion to certify the class. ECF No. 96. Plaintiffs replied to the response. ECF No. 107. And Defendants filed a sur-reply. ECF No. 109. Finally, Plaintiffs responded to the Defendants' Sur-Rely. ECF No. 118.

## II.     STANDARD OF REVIEW

At the class certification stage, courts generally accepts the factual allegations of the complaint as true. *Richards v. FleetBoston Fin. Corp.*, 235 F.R.D. 165, 168 (D. Conn. 2006). To be certified, a class must satisfy each of the Rule 23(a) prerequisites: "(1) the class is so numerous that joinder of all member is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015) (citing FED. R. CIV. P 23(a)).

"In addition to satisfying the requirements set forth in Federal Rules of Civil Procedure 23(a), a plaintiff seeking class certification must establish one of the bases for certification in Federal Rules of Civil Procedure 23(b)." *Waggoner v. Barclays PLC*, 875 F.3d 79, 93 (2d Cir. 2017). Under Rule 23(b)(3), "a plaintiff must establish (1) predominance—'that the question of law or fact common to class members predominate over any questions affecting only individual

members'; and (2) superiority—'that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Nextel*, 780 F.3d at 137.

To reach these class certification questions, courts must resolve some factual disputes. Although the Supreme Court has required district courts to engage in a rigorous analysis of the facts, "Rule 23 grants courts no license to engage in free-ranging merits inquiries as the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013) (citing *Wal-Mart, Inc. v. Dukes*, 564 U.S. 338, 351–52 (2011)). Courts, however, "must resolve material factual disputes relevant to each Rule 23 requirement." *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010).

### III. DISCUSSION

Plaintiffs bring this action under Rule 23(b)(3), seeking a class of all individuals who have performed cleaning work for Jani-King in Connecticut since December 5, 2010. ECF No. 86-6, at 5. But "Rule 23 ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate, by effectively limiting the class claims to those fairly encompassed by the named plaintiff's claims." *Mazzei v. Money Store*, 829 F.3d 260, 271-272 (2d Cir. 2016) (citations and internal quotation marks omitted).

Because this Court dismissed Plaintiffs' Connecticut wage claims and only permitted the unjust enrichment claim to go forward, the certification of any class is properly limited to all individuals who have performed commercial cleaning work for Jan-King in Connecticut since December 5, 2010 under the terms of a Jani-King franchise agreement. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 409 n. 5 (2d Cir. 2015) ("Whether to certify a class is within the discretion of the district court, largely because it is the district court that has the 'inherent power to manage and control pending litigation'") (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d

5

Cir. 2010)); *Mazzei*, 829 F.3d at 266 (2d Cir. 2016) ("A district court's exercise of discretion is set forth clearly in both the wording and commentary of Rule 23") (citing Fed. R. Civ. P. 23(c)(1)(C); *see also Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 97 (2d Cir. 2018) ("The decision to certify a class is a discretionary determination, which [the Second Circuit] will only overturn if the district court abused its discretion").

For this class to be certified, Plaintiffs must satisfy the requirements of Rule 23(a) and Rule 23(b)(3) and class actions based on state law labor claims can be certified when Rule 23 requirements are satisfied. *See, e.g.*, *Shahriar v. Smith & Wollensky Restaurant Grp., Inc.*, 659 F.3d 234, 250–253 (2d Cir. 2011) (affirming district court order certifying class action based on alleged violations of state labor laws); *Perkins v. S. New England Tel. Co.*, 669 F. Supp. 2d 212, 222–25 (D. Conn. 2009) (determining that Plaintiffs were similarly situated to the class to address claimed state labor law violations).

## A. Rule 23(a) Requirements

Rule 23(a) guarantees that "the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Dukes*, 564 U.S. at 349. To obtain class certification, "a plaintiff must satisfy Rule 23(a)'s above-mentioned prerequisites of numerosity, commonality, typicality, and adequate representation." *Amgen*, 568 U.S. at 560.

### 1. Ascertainability

The Second Circuit has "'recognized an implied requirement of Ascertainability in Rule 23,' which demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" *In re Petrobras Sec.*, 862 F.3d 250, 260 (2d Cir. 2017) (quoting *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015)) (internal quotation marks and citations omitted). Here, the class is defined solely with

objective criteria and it will be administratively feasible to determine class membership throughout the class period. Indeed, Jani-King should have identifying information—names, addresses, and contact information—for all franchisees in Connecticut during the relevant period.

### 2. Numerosity

Under Rule 23(a)(1), the class may move forward only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). "The numerosity requirement in Rule 23(a)(1) does not mandate that joinder of all parties be impossible—only that the difficulty or inconvenience of joining all members of the class make use of the class action appropriate." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 244–45 (2d Cir. 2007); *Novella v. Westchester County*, 551 F.3d 128, 143 (2d Cir. 2011). Several districts in our Circuit have suggested that the numerosity requirement is satisfied "when the class comprises 40 or more members" and unlikely to be satisfied "when the class comprises 21 or fewer." *Novella*, 551 F.3d at 144 (citing *Ansari v. N.Y. Univ.*, 172 F.R.D. 112, 114 (S.D.N.Y. 1998)).

Plaintiffs argue that the class satisfies the numerosity requirement because Jani-King's own regional director, Charles Faulhaber, testified at his deposition that Jani-King has approximately seventy franchisees currently servicing Jani-King customers in Connecticut. Plaintiffs contend that there is no question the facts meet numerosity prong threshold. Defendants do not contest numerosity.

Here, the class includes approximately seventy class members, *see* Mem. of Law in Supp. of Pls.' Mot. for Class Certification, at 15, ECF No. 87, satisfying the Rule 23(a)(1) requirement. *See, e.g. Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("Because

numerosity is presumed at a level of 40 members . . . the number of defendants vastly exceeds this threshold. Numerosity is therefore satisfied.") (citation omitted); *Morrison v. Ocean State Jobbers, Inc.*, 290 F.R.D. 347, 353 (D. Conn. 2013) ("Numerosity is presumed at a level of 40 members").

The Court therefore holds that Plaintiffs meet Rule 23(a)(1)'s numerosity requirement.

### 3. Commonality

Under Rule 23(a)(2), the class may move forward only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a). "The commonality requirement is met if plaintiffs' grievances share a common question of law or fact." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997); *Merck-Medco Managed Care*, 504 F.3d at 245. Courts must find that the claims made by plaintiffs are "of such a nature that it is capable of classwide resolution— which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. Commonality requires plaintiffs to "demonstrate that the class members 'have suffered the same injury,'" *Id.* (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)), or "'[w]here the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question.'" *Johnson*, 780 F.3d at 137–38 (quoting *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014)).

The Court has narrowed the class to those individuals that have performed cleaning services under a Jani-King franchise agreement, and there are common factual and legal issues for all of these individuals; such as Jani-King franchise agreements, Jani-King non-competition clauses, out-of-pocket costs for cleaning work, and other fees to cover Jani-King costs. Class

members thus would share common issues about any alleged misclassification under CONN GEN. STAT. § 31-37(b).

Here, Plaintiffs have established common questions of law and fact about whether the underlying franchise agreement was an employment agreement that conditioned initial or continued employment on payment of a down payment or any number of other fees. There are common issues of evidence and proof regarding whether the franchise agreement meets the threshold for unjust enrichment under Connecticut state law that would ensure that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

The Court therefore holds that Plaintiffs meet Rule 23(a)(2)'s commonality requirement.

### 4. Typicality

Under Rule 23(a)(3), the class may move forward only if "the claims or defenses of the representative parties are typical of the claims or defenses of this class." Fed. R. Civ. P. 23(a). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove defendant's liability." *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001); *Merck-Medco Managed Care*, 504 F.3d at 245. Typicality "does not require that the factual background of each named plaintiff's claim be identical to that of all class members; rather, it requires that the disputed issue of law or fact occupy essentially the same degree of centrality to the named plaintiff's claim as to that of other members of the proposed class." *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999) (citations and internal quotation marks omitted).

9

Plaintiffs argue that the class claims arise out of the same course of conduct. Plaintiffs allege that class members signed franchise agreements, Jani-King misclassified class members as independent contractors, Jani-King subjected class members to the same policies and procedures, and Jani-King required all class members to pay fees and deductions for Jani-King to maintain its cleaning services.

Here, Defendant's alleged conduct was "directed at or affected both the named plaintiff[s] and the class sought to be represented." *Robidoux v. Celani*, 987 F.2d 931, 936–37 (2d Cir. 1993); *In re Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009). Jani-King required its franchisees to make initial and continuing fees as a condition service. Should the Court also find that the franchisees were employees within the meaning of Conn. Gen. Stat. § 31-73(b) and the fees were necessary to secure or continue employment, each class member would be able to recover under a theory of unjust enrichment. *See id.* at 935 ("Rule 23(a)(3)'s typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability"); *Shahriar*, 659 F.3d at 252 (same).

The Court therefore holds that Plaintiffs meet Rule 23(a)(3)'s typicality requirement.

### 5. Adequacy of Representation

Under Rule 23(a), the class may move forward only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Adequacy of representation requires that class representatives be able to "fairly and adequately protect the interests of the class." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 267 (2d Cir. 2006) (internal quotation marks omitted). District courts must ensure that "members of the class possess the same interests, and that no fundamental conflicts exist among members." *Charron v. Wiener*,

731 F.3d 241, 249 (2d Cir. 2013). When a "fundamental conflict exists that goes 'to the very heart of the litigation,' it can be cured by dividing the class 'into homogenous subclasses . . . with separate representation to eliminate conflicting interests of counsel.'" *Id.* at 250 (internal citations and quotations omitted). Adequacy is a two-step process: "[1] the proposed class representative must have an interest in vigorously pursuing the claims of the class, and [2] must have no interests antagonistic to the interests of other class members." *Denney*, 443 F.3d at 268.

Plaintiffs argue that they would not conflict with the interests of other class members and that Plaintiffs' counsel is qualified to represent the class. Plaintiffs assert that there would be no conflict because they are bringing the same claims in their individual role as they are in their representative role for the class. The same underlying issues of Jani-King misclassification as independent contractors and Jani-King fee payment requirements for the right to work are central to the class representatives and their individual claims against Jani-King. Moreover, Plaintiffs' counsel has previously litigated misclassification claims for class actions involving Jani-King and other similar janitorial franchise cleaning companies. Defendants do not contest the adequacy of representation.

Here, Plaintiffs' case meets both adequacy requirements. No conflict has been identified between and among the representatives of the class. Throughout the litigation, Plaintiffs have appeared to represent the interests of their fellow class members. Plaintiffs have also vigorously pursued the claims of the class. There is also nothing to indicate that class counsel lack competence. NEWBERG ON CLASS ACTIONS § 3:54 (5th ed.) ("Adequacy of counsel asks whether the attorneys who seek to represent the class are competent to do the job"). Moreover, class counsel has "litigated class actions asserting the same types of misclassification claims against

Jani-King and other similar janitorial franchise cleaning companies on behalf of cleaning workers." Mem. of Law in Supp. of Pls.' Mot. for Class Certification, ECF No. 87, at 19.[1]

The Court therefore holds that Plaintiffs meet Rule 23(a)(4)'s adequacy of representation requirement.

### B. Rule 23(b)(3) Requirements

Once Rule 23(a) criteria are satisfied, a court can maintain a class only if the class "also qualifies under at least one of the categories provided in Rule 23(b)." *Levitt v. Morgan Sec., Inc.*, 710 F.3d 454, 464 (2d Cir. 2013). Plaintiffs in this action sought certification under Rule 23(b)(3), which permits certification when "the court finds that the question of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy." Fed. R. Civ. P. 23(b); *Levitt*, 710 F.3d at 464. Plaintiffs must make "a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen*, 568 U.S. at 459.

#### 1. Predominance

Rule 23(b)(3)'s predominance requirement "is even more demanding than Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). "The predominance requirement is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *In re U.S. Foodservice Inc.*

---

[1] *See, e.g.*, *De Giovanni v. Jani-King Intern., Inc.*, 262 F.R.D. 72 (D. Mass. 2009) (Plaintiff's counsel representing commercial cleaning workers in Massachusetts federal court); *Williams v. Jani-King of Philadelphia, Inc.*, 837 F.3d 314 (3d Cir. 2016) (Plaintiff's counsel representing commercial cleaning workers in federal appellate court); *Awuah v. Coverall N. Am., Inc.*, 460 Mass 484 (2011) (Plaintiff's counsel representing commercial cleaning workers in Massachusetts Supreme Judicial Court); ECF No. 87-3 (Plaintiff's counsel representing commercial cleaning workers in state trial court); ECF No. 87-17 (Plaintiff's counsel representing commercial cleaning workers in arbitration).

*Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013) (internal quotation marks omitted) *cert denied*, 572 U.S. 1087 (2014); *Glatt v. Fox Searchlight Pictures, Inc.* 811 F.3d 528, 538 (2d Cir. 2015).

While similar to the commonality requirements in that "a court examining predominance must assess (1) the 'elements of the claims and defenses to be litigated'; and (2) 'whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief," predominance requires further inquiry. *Nextel*, 780 F.3d at 138. Specifically, predominance examines "whether the common issues can profitably be tried on a classwide basis, or whether they will be overwhelmed with individual issues." *Id.* A court must be able to find that "classwide resolution would substantially advance the case" while "reduc[ing] the range of issues in dispute and promot[ing] judicial economy." *Id.*

Plaintiffs argue that common questions of law and fact predominate because all class members performed the same cleaning work, all class members worked for the same company, all class members had materially identical franchise agreements, all class members paid the same up-front fees, and all class members had to adhere to the same policies and procedures. The question of whether Jani-king misclassified its cleaners and required them to pay up-front fees for the right to work predominates all class member claims. Furthermore, Plaintiffs argue that common claims under the Connecticut ABC balancing test[2] and common oversight documents,

---

[2] CONN. GEN. STAT. § 31-22(a)(1)(B)(ii) outlines the state ABC test as "any individual who, under either common law rules applicable in determining the employer-employee relationship or under the provisions of this subsection, has the status of an employee. Service performed by an individual shall be deemed to be employment subject to this chapter irrespective of whether the common law relationship of master and servant exists, unless and until it is shown to the satisfaction of the administrator that (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and (II) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (III) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

such as the franchise agreements and non-competition clauses, all show that the class members meet the threshold requirements under Connecticut's ABC test.

Defendants argue that the Connecticut Franchise Act governs franchisees that run their own businesses. Defendants then argue that Jani-King franchisees do not meet the Connecticut ABC requirements because Defendants exercise control over the quality of the result, not the day-to-day methods of work. To the extent the policies and procedures of Jani-King control the franchisees, Defendants argue that the control is to keep public confidence in their franchise. Defendants contend that, under the correct interpretation of the Connecticut Franchise Act and Connecticut wage statutes, there are not common issues regarding whether the Jani-King business owners are Jani-King employees, because the standardization requirements are only to the extent necessary to protect the Jani-King brand. Other than this level of standardization, there is no day-to-day supervision to establish the right to control. Indeed, according to the Defendants, franchisees operate at facilities other than the Jani-King premises and the franchisees' places of business would not be the Jani-King premises, but would be client locations. Finally, Defendants argue that there are not common issues that lend themselves to class-wide resolution because the franchise documents offer franchisees to run their individual businesses as they see fit.

In response, Plaintiffs argue that franchise standardization requirements can support a showing of an employer-employee relationship. Plaintiffs also contend that courts confronting the franchisee-employee question have previously found in favor of cleaning workers without applying a modified legal test for franchisees. Finally, under Connecticut law, according to the Plaintiffs, the Jani-King franchisees fulfill each of the requirements of the ABC test.

In their sur-reply, Defendants reiterate that there are not common facts to show that the owner-operators of cleaning businesses under Jani-King's franchise agreements are employees. And that Plaintiffs' failure to harmonize Connecticut's wage and franchise statutes undermines the viability of the Connecticut Franchise Act. When viewed in the context of the Connecticut Franchise Act, according to Defendants, franchise standardization practices do not create the control necessary for a finding of an employer-employee relationship.

The Court disagrees.

Here, the issue of liability lends itself to class-wide proof and class-wide issues predominate over individual ones. *See Nextel*, 780 F.3d at 138 ("Common issues—such as liability—may be certified, consistent with Rule 23, even where other issues—such as damages—do not lend themselves to classwide proof"); *Amchen Prods., Inc v. Windsor*, 521 U.S. 591, 623(1997) ("The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation").[3] The class asserts a unjust enrichment claim that rests on similar agreements between class members and Defendants.

Connecticut law governs each contract, each Plaintiff worked in Connecticut, and evidence will focus on the single question of whether the underlying agreements conditioned initial or continued employment on payment of a down payment and additional fees. These are legal and factual "questions that qualify each class member's case as a genuine controversy [that] can be achieved through generalized proof" and the disputed general issues are "more substantial

---

[3] Jani-King argues that Plaintiffs should prove each element of their claim. But that is not a requirement at the class certification stage. *See Amgen*, 568 U.S. at 469 ("Rule 26(b)(3), however, does *not* require a plaintiff seeking class certification to provide that each 'elemen[t] of [their] claim [is] susceptible to classwide proof. What the rule does require is that common questions '*predominate* over any questions affecting only individual [class] members.") (emphasis in original) (internal citations omitted).

than the issues subject only to individualized proof." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 at 118 (internal quotation marks omitted).

The Court therefore holds that the Plaintiffs meet Rule 23(b)(3)'s predominance requirements. *See Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 81 (2d Cir. 2015) ("common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damages").

### 2. Superiority

The Supreme Court has recognized that "Rule 23(b)(3) class actions can be superior precisely because they facilitate the redress of claims where the costs of bringing individual actions outweigh the expected recovery. *In re U.S. Foodservices Inc. Pricing Litig.*, 729 F.3d at 130 (citing *Achem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

Plaintiffs argue that class action is superior to individual cases because common practices affect the class members and some individuals may only have a small recovery that limits their ability to vindicate their rights on an individual basis. And a class action would eliminate the risk that the common question of law would be decided differently in each lawsuit.

Defendants respond by arguing that resolution of the class issues is not susceptible to common evidence nor do the facts lend themselves to class-wide proof. Rather, according to Defendants, individualized factual considerations are better suited to satisfy any claims.

The Court disagrees.

Here, a class action is superior to individual actions. The "class action is the superior method for adjudication of the controversy, because (1) class members may fear reprisal and would not be inclined to pursue individual claims; (2) the cost of individual litigation is prohibitive . . . and (3) a class action would eliminate the risk that the question of law common to

the class will be decided differently in each lawsuit." *Scott v. Aetna Servs., Inc.*, 210 F.R.D. 261, 268 (D. Conn. 2002). Current class members may also still work for Jani-King, raising the possibility of retaliation for the filing of individual claims. Moreover, the individual claims are too small to bring absent the class action; they are the small claims that are "the very core of the class action mechanism . . ." *Amchen*, 521 U.S. at 617. Finally, a class would eliminate the risk that individual lawsuits would have different outcomes for common questions of law and fact that predominate the class members.

The Court therefore holds that the Plaintiffs meet rule 23(b)(3)'s superiority requirements.

As a result, the class may be appropriately certified under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs motion with respect to class certification.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of January 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE